1  Steven D. Turner, (State Bar No.: 172852)
   sturner@jonesturner.com
2  Mariyetta A. Meyers-Lopez (State Bar No. 244352)
   JONES TURNER, LLP
3  2 Venture, Suite 220
   Irvine, California 92618
4  Tel: 949-435-4100
   Fax: 949-435-4105
5
   Attorneys for Defendant
6  AFFILIATED FM INSURANCE COMPANY

7  Joyce C. Wang
   jwang@ccplaw.com
8  CARLSON, CALLADINE & PETERSON, LLP
   353 Sacramento Street, 16th Floor
9  San Francisco, CA 94111
   Tel: 415-391-3911
10 Fax: 415-391-3898
   Attorneys for Defendant
11 AFFILIATED FM INSURANCE COMPANY

12

13                **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16 OUT WEST RESTAURANT GROUP, INC; CERCA TROVA RESTAURANT 17 GROUP, INC.; CERCA TROVA STEAKHOUSE, L.P.; AND CERCA 18 TROVA SOUTHWEST RESTAURANT GROUP, LLC | CASE NO. 3:20-cv-06786-TXH **Hearing Date: December 3, 2020** **Hearing Time: 10:00 am** |
| 19              Plaintiffs, 20 v. 21 AFFILIATED FM INSURANCE 22 COMPANY, 23              Defendant, | **DEFENDANT AFFILIATED FM INSURANCE COMPANY NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE** |

24

25        **PLEASE TAKE NOTICE** that on Thursday December 3, 2020, at 10:00

26  a.m. or as soon as thereafter as the matter may be heard before the Honorable Judge

27  Thomas S. Hixson in Courtroom G of the United States District Courthouse for the

28  Northern District of California, 450 Golden State Avenue, 15th Floor, San Francisco,

-1-

California 94102, Defendant Affiliated FM Insurance Company ("Affiliated FM")
will and hereby does move the Court for an order dismissing in its entirety
Plaintiffs' Complaint (ECF No. 1) without prejudice under Rule 41 of the Federal
Rules of Civil Procedure for failure to plead a "short and plain statement" of the
claims for relief and failure to make each allegation "simple, concise, and direct," as
required under Rule 8 of the Federal Rules of Civil Procedure.

In the alternative, Affiliated FM will and hereby does move the Court for an
order striking the Complaint pursuant to Federal Rule of Civil Procedure 12(f) due
to the pleading containing excessive "redundant, immaterial, [or] impertinent"
matter.

In the alternative, Affiliated FM will and hereby does move the Court for an
order requiring Plaintiffs to submit a more definite statement pursuant to Rule 12(e)
of the Federal Rules of Civil Procedure and to specifically limit Plaintiffs to a
certain number of pages in any amended complaint.

The parties' coverage dispute is relatively straightforward and could
reasonably be described in less than 40 paragraphs. Unfortunately, the complaint
contains more than 194 individually numbered paragraphs (excluding sub-
paragraphs and the prayer for relief) spanning 36 pages with an addition 124 pages
of exhibits.  The allegations to which Affiliated FM must respond include claims
about the "beloved" and "famous" nature of Outback Steakhouse's Bloomin'
Onion®" and the "warm welcoming environment" of Outback Steakhouse's
restaurants – none of which is relevant to the parties' insurance coverage dispute.

More troubling is the fact that the complaint includes improper citations to
case law, legal argument, and 39 separate footnotes that incorporate 38 website
addresses with links to 34 different third-party news articles, papers and treatises
ranging from ever-changing CDC statistics to stories about coronavirus patients
being released from the hospital in good condition to speculation about the U.S.
government airlifting citizens from China to whether certain Disney employees have

1 tested positive for COVID-19.  The vast majority of the allegations are irrelevant

2 and redundant.

3        This is an insurance coverage case. The complaint is prolix, cumbersome,

4 unwieldy, repetitive, unclear as to what *facts* Plaintiffs rely on, and, ultimately,

5 vague.  The pleading demonstrably violates Federal Rules of Civil Procedure, Rule

6 8's requirement that a complaint contain only a "short and plain statement" of the

7 claims for relief such that each allegation is "simple, concise, and direct." It would

8 therefore be unreasonable and prejudicial to require Affiliated FM to incur the

9 substantial time and expense associated with admitting or denying each of the

10 complaint's 194 paragraphs of mostly irrelevant allegations, improper citations to

11 law and third-party internet stories and to require Affiliated FM to conduct

12 unnecessary and burdensome discovery to determine which of the far-flung

13 allegations Plaintiffs believe are actually material to their claims.

14        In light of the foregoing, the complaint should be dismissed under FRCP 41,

15 stricken under FRCP 12(f) or ordered to be made more clear under FRCP Rule

16 12(e).

17        This motion is based on this Notice of Motion and Motion, the accompanying

18 Memorandum of Points and Authorities, the pleadings on file with this Court, and

19 such arguments and authorities as may be presented at or before the hearing.

20        Counsel for the parties met and conferred on the issues presented via Zoom

21 on October 13, 2020 and in subsequent emails, but were unable to resolve their

22 differences.

23  DATED:  October 15, 2020                              JONES TURNER, LLP

24                                                    By    /s/ Steven D. Turner

25                                                          Steven D. Turner
26                                                          Mariyetta A. Meyers-Lopez
                                                           Attorneys for Defendant
27                                                          AFFILIATED FM
                                                           INSURANCE COMPANY
28

MOTION TO DISMISS                                                          3:20-cv-06786-TXH

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................... 1

II.   FACTUAL BACKGROUND .................................................................................... 2

III.   LEGAL STANDARDS ............................................................................................. 3

   a.   Rule 8 Requires Simple, Concise and Direct Allegations Comprising a Short and Plain Statement of the Claims. ................................................................................................. 3

   b.   Rule 12(f) Allows the Court to Strike from a Pleading Any Redundant, Immaterial, Impertinent, or Scandalous Matter. ....................................................................................... 4

   c.   Rule 41(b) Allows the Court to Dismiss for Failure to Comply with the Federal Rules of Civil Procedure .......................................................................................................... 5

IV.   ARGUMENT ........................................................................................................... 5

   a.   The Complaint Is So Prolix That Affiliated FM Cannot Fairly Be Required To Respond; The Complaint Should Be Dismissed Under Rule 41. ....................................................... 5

   b.   In the Alternative, the Court Should Strike the Complaint. .................................... 10

   c.   As a Further Alternative, the Court Should Order Plaintiff to Submit a More Definite Statement. ........................................................................................................................ 11

V.   THE PARTIES HAVE MET AND CONFERRED .............................................. 12

VI.   CONCLUSION ...................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Cases**

*Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011) ...... 5

FRCP Rule 12(e) ................................................................................................................. 11

*Hatch v. Reliance Ins. Co*., 758 F.2d 409, 415 (9th Cir. 1985)............................................ 5

*Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) ............................... 4

*Karabajakyan v. Schwarzenegger*, No. CV 06-0541-ODW, 2007 WL 9706273, at *2 (C.D. Cal.

 June 1, 2007) ................................................................................................................. 3

*Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) ...................................................... 3

*McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996)................................................ 3

*Mendez v. Draham*, 182 F. Supp. 2d 430, 433 (D.N.J. 2002)............................................ 6

*Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983).......................................... 4

*Thornton v. Solutionone Cleaning Concepts, Inc*., No. CIVF061455AWISMS, 2007 WL 210586

 (E.D. Cal. Jan. 26, 2007) ................................................................................................ 4

*Todd v. Ellis*, 2013 WL 3242229, at *2 (E.D. Cal. June 25, 2013)................................................. 10

*Whitsitt v. Industrial Empl. Dist. Ass'n*, No. C 13-00396 SBA, 2014 WL 3615352, at *5 (N.D.

 Cal. July 22, 2014) ...................................................................................................... 5

**Statutes**

FRCP 12(f) ............................................................................................................ 4, 10, 12

FRCP 41 ...................................................................................................................... 5, 12

FRCP 8(a)(2) .............................................................................................................. 3, 6

FRCP 8(d) ...................................................................................................................... 3

FRCP Rule 8(b)............................................................................................................. 9

**TABLE OF AUTHORITIES**                                                   3:20-CV-06786

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3
4
5
6
7
8

Plaintiffs Out West Restaurant Group, Inc., Cerca Trova Restaurant Group, Inc., Cerca Trova Steakhouse, L.P., and Cerca Trova Southwest Restaurant Group, LL (collectively "Plaintiffs") have asserted declaratory judgment, breach of contract and bad faith claims against defendant Affiliated FM Insurance Company ("Affiliated FM") on the theory that Affiliated FM has wrongfully failed to pay policy benefits for reported losses arising from the SARS-CoV-2 pandemic.

9
10
11
12
13
14
15
16

The parties' coverage dispute is relatively straightforward and could reasonably be described in less than 40 paragraphs. Unfortunately, the complaint contains more than 194 individually numbered paragraphs (excluding sub-paragraphs and the prayer for relief) spanning 36 pages with an addition 124 pages of exhibits.  The allegations to which Affiliated FM must respond include claims about the "beloved" and "famous" nature of Outback Steakhouse's Bloomin' Onion®" and the "warm welcoming environment" of Outback Steakhouse's restaurants – none of which is relevant to the parties' insurance coverage dispute.

17
18
19
20
21
22
23
24
25

More troubling is the fact that the complaint includes improper citations to case law, legal argument, and *39 separate* footnotes that incorporate 38 website addresses with links to 34 different third-party news articles, papers and treatises ranging from ever-changing CDC statistics to stories about coronavirus patients being released from the hospital in good condition to speculation about the U.S. government airlifting citizens from China to whether certain Disney employees have tested positive for COVID-19.  The vast majority of the allegations are irrelevant and redundant.  The pleading reads more like a self-indulgent press release than a short, plain statement of the claim showing that the pleader is entitled to relief.

26
27
28

The bottom line is that the complaint demonstrably violates Federal Rules of Civil Procedure, Rule 8's requirement that a complaint contain only a "short and plain statement" of the claims for relief such that each allegation is "simple, concise,

1

1   and direct." It would therefore be unreasonable and prejudicial to require Affiliated

2   FM to incur the substantial time and expense associated with admitting or denying

3   each of the complaint's 194 paragraphs of mostly irrelevant allegations, improper

4   citations to law and third-party internet stories – many of the latter having been

5   changed or updated since Plaintiffs' filing.  It would likewise be prejudicial and

6   unduly costly and burdensome to force Affiliated FM to conduct discovery on this

7   unnecessary morass of information to determine which allegations the Plaintiffs

8   actually believe are material to their claims.

9          In light of the foregoing, the complaint should be dismissed under FRCP 41,

10  stricken under FRCP 12(f) or ordered to be made more clear under FRCP Rule

11  12(e).

12  **II.     FACTUAL BACKGROUND**

13         Plaintiff Out West Restaurant Group, Inc. is a restaurant management

14  company. It is the exclusive franchisee of Outback Steakhouse restaurants in

15  Arizona, Colorado, Nevada, and New Mexico and the predominate franchisee in

16  California. (Complaint, ¶ 9).  Plaintiff Cerca Trova Steakhouse, L.P. is an entity that

17  holds leases for all California restaurants and Plaintiff Cerca Trova Southwest

18  Restaurant Group, LLC is an entity that holds all of the leases for the non-California

19  restaurants. (*Id*., ¶¶ 10-11). Plaintiff Cerca Trova Restaurant Group, Inc. "is the

20  ultimate parent of the Out West entities." (*Id*., ¶ 12). Affiliated FM is an insurance

21  company.

22         Plaintiffs allege that they are each named insureds under a policy issued by

23  Affiliated FM with effective dates from February 15, 2020 to December 1, 2020 (the

24  "Policy"). (*Id*., ¶¶ 27, 33-34). Plaintiffs further allege that the Policy covers them for

25  "'all risks of physical loss or damage,' except as excluded, to property, as described

26  in the Policy." (*Id*., ¶ 31.) Plaintiffs claim entitlement to benefits under various

27  coverages in the Policy and assert causes of action for declaratory judgment, breach

28  of contract and bad faith.

-2-

**III.    LEGAL STANDARDS**

      **a.    Rule 8 Requires Simple, Concise and Direct Allegations Comprising a Short and Plain Statement of the Claims.**

Federal Rule of Civil Procedure ("FRCP"), Rule 8, confirms that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). It also requires that "[e]ach allegation must be simple, concise, and direct ...." FRCP 8(d). A complaint which fails to comply with Rule 8 "may be dismissed with prejudice pursuant to [R]ule 41(b)." *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (dismissing complaint that was 23 pages long with 24 pages of addenda). The rule requiring each averment to be simple, concise, and direct applies equally to good claims as well as bad. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit").

Where a complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," "consists largely of immaterial background information," and "seems designed to provide quotations for newspaper stories," it fails to satisfy Rule 8 and fails to give a defendant "a fair opportunity to frame a responsive pleading." *Id*. at 1174, 1178-79.

"Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a)(2) is proper." *Karabajakyan v. Schwarzenegger*, No. CV 06-0541-ODW, 2007 WL 9706273, at *2 (C.D. Cal. June 1, 2007); see also *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) ("In its sheer length, [plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter.")

**b.**      **Rule 12(f) Allows the Court to Strike from a Pleading Any Redundant, Immaterial, Impertinent, or Scandalous Matter.**

Under FRCP 12(f), "the court may strike from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f); *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("[t]he district court also has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail. One option would have been to simply strike the surplusage" from the complaint).

The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The District Court in *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIVF061455AWISMS, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) explains:

> Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy*[*, Inc. v. Fogerty*]*,* 984 F.2d [1524] at 1527 [(9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)]. Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy,* 984 F.2d at 1527. Scandalous matter is defined as allegations "that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court," *Cobell v. Norton,* 224 F.R.D. 1, 5 (D.D.C.2004), and "includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com Secs. Litig.,* 114 F.Supp.2d 955, 965 (C.D.Cal.2000). Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D.Cal.2005). *Thornton,* at *1.

"Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the

-4-

1    pleading will be prejudicial to the moving party." *Thornton, supra*, at \*1,

2    citing *Fantasy, supra,* 984 F.2d at 1527-28).

3         **c.     Rule 41(b) Allows the Court to Dismiss for Failure to Comply with**

4    **the Federal Rules of Civil Procedure**

5         FRCP 41 states that "[i]f the plaintiff fails . . . to comply with these rules or a

6    court order, a defendant may move to dismiss the action or any claim against it. . .

7    Unless the dismissal states otherwise, a dismissal under this section (b) and any

8    dismissal not under this rule – except one for lack of jurisdiction, improper venue, or

9    failure to join a party under Rule 19 – operates as an adjudication on the merits."

10   **IV.    ARGUMENT**

11        **a.     The Complaint Is So Prolix That Affiliated FM Cannot Fairly Be**

12   **Required To Respond; The Complaint Should Be Dismissed Under Rule 41.**

13        "Something labeled a complaint but written more as a press release, prolix in

14   evidentiary detail, yet without simplicity, conciseness and clarity as to whom

15   plaintiffs are suing for what wrongs, fails to perform the essential functions of a

16   complaint." *McHenry, supra*, 84 F.3d at 1180; see also *Cafasso, U.S. ex rel. v.

17   General Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011) ("While 'the

18   proper length and level of clarity for a pleading cannot be defined with any great

19   precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly

20   long, or a complaint that was highly repetitious. . .';  Our district courts are busy

21   enough without having to penetrate a tome approaching the magnitude of War and

22   Peace to discern a plaintiff's claims and allegations"); *Hatch v. Reliance Ins. Co*.,

23   758 F.2d 409, 415 (9th Cir. 1985) (upholding a dismissal of a complaint that

24   "including attachments, exceeded 70 pages in length, [and was] confusing and

25   conclusory"); *Whitsitt v. Industrial Empl. Dist. Ass'n*, No. C 13-00396 SBA, 2014

26   WL 3615352, at \*5 (N.D. Cal. July 22, 2014) (finding that plaintiff's 37 page

27   complaint "is precisely the type of prolix, argumentative, unintelligible and

28   redundant pleading which the Ninth Circuit has held is subject to dismissal under

-5-

1    Rule 8"); *Mendez v. Draham*, 182 F. Supp. 2d 430, 433 (D.N.J. 2002) ("Only

2    through superhuman patience, effort, and insight, could any attorney review the

3    allegations of the Complaint and make paragraph-by-paragraph responses.")

4         The complaint at issue here violates FRCP Rule 8's requirement that a

5    complaint "contain ... a short and plain statement of the claim showing that the

6    pleader is entitled to relief." FRCP 8(a)(2). In particular, the complaint

7    impermissibly contains numerous examples of immaterial, impertinent, and

8    redundant matters, repetitive allegations, improper litany of legal arguments and

9    purported "expert" opinions and needless citations to "evidence" in 39 separate

10   Footnotes – very little of which appears directed to the merits of the claims.

11        While it would be difficult to compile a list each of the complaint's

12   immaterial and impertinent matters or factual allegations, some examples include

13   the following:

14        • the citation to caselaw in paragraph 7, starting at line 2 on page 2: "The

15           fact that decisions by federal judges in *Studio 471, Inc., et al v. The*

16           *Cincinnati Insurance Co.*, No 20-cv-03127-SRB (W.D. Mo. Aug. 12,

17           2020) and in *Urogycecology Specialist of Florida LLC v. Sentinel*

18           *Insurance Co.*, No. 6:20-cv-1174 (M.D. Fla. Sept. 24, 2020), and by a

19           New Jersey state court judge in *Optical Services USA/CI v. Franklin*

20           *Mutual Insurance Co.*, No. BER-L-3681-20 (N.J. Super. Ct. Aug. 13,

21           2020) accepted the Policyholder's construction makes this construction

22           *per se* reasonable. (Complaint, ¶ 7);

23        • the allegation that "Outback Steakhouse is a chain of Australian-inspired

24           steakhouse restaurants that is beloved worldwide for its steak cuts,

25           chicken, ribs, seafood, pasta, and the famous Bloomin' Onion®." (*Id.*, ¶

26           17).

27        • the allegations that "Outback Steakhouse distinguishes itself by

28           emphasizing consistently high quality delicious food delivering a warm,

-6-

welcoming environment" and that [i]n addition, its excellent customer service and friendly and welcoming atmosphere at its physical locations is critical to its business operations, reputation, and brand." (*Id.*, ¶¶ 18-19).

- the allegation that "[t]hat same week, the United States government evacuated several planes full of Americans from China to military bases in Riverside (within 60 miles of 13 insured locations), Fairfield (within 60 miles of 9 insured locations), and San Diego, California (within 60 miles of 8 insured locations) for quarantine" followed by citations to the Orange County Register website; a Press Release from the California Department of Public Health office of Public Affairs, and the New York Times website (*Id.*, ¶ 40).

- the allegation that "[w]hile the Insurance Services Office ("ISO"), an entity charged with drafting standard form policy language for use by the insurance industry, developed a standard form and broadly worded 'virus exclusion,' numbered CP 01 40 0706 and titled 'loss due to Virus or Bacteria' in 2006, AFM did not include that exclusion here." (*Id.*, ¶ 47).

- the allegation that "[s]ome studies find that COVID-19 present in the air causes physical loss and/or damage to property," referencing a USA Today article in footnote 21 that is no longer available to view (*Id.*, ¶ 71).

- the allegation that "[t]he CDC published a study in July 2020 concluding that 'droplet transmission was prompted by air-conditioned ventilation' that caused an outbreak among people who dined in the same air-conditioned restaurant" followed by a citation to the CDC website; that link does not link to any article or study. (*Id.*, ¶ 73).

- the allegation that: "[t]he CDC notes that more studies are required to understand COVID-19 transmission, but the uncertainty has serious implications for food services safety. Indeed, the CDC's risk assessment graphic for the restaurant industry demonstrates that restaurants and bars

-7-

that provide outdoor or indoor seating with no spacing restrictions create the highest risk for the spread of COVID-19," followed by a citation to the CDC website. (*Id*., ¶74).

- the allegation that "COVID-19 can also spread through surface- or object-to-person transmission after an infected person has touched a surface" followed with a citation to the World Health Organization website. (*Id*., ¶ 76).

- the allegation that "[t]he existence of COVID-19 on surfaces renders that property unsafe or unusable," followed by a citation to a CDC website, and the article therein entitled "Public Health Responses to COVID-19 Outbreaks on Cruise Ships – Worldwide, February – March 2020." (*Id.,* ¶ 79). This allegation cites to footnote 26; that link does not link to any article.

- the allegation that "[t]he CDC estimates that infection rates for COVID-19 likely are at least ten times higher than reported, meaning that COVID-19 is omnipresent, particularly in Arizona and California – states where 70% of Out West's restaurants are located," followed by a citation to NBC News. (*Id*., ¶ 80).

- the allegation that "[t]here may be instances where COVID-19 was present onsite at an insured location, including with respect to a customer, but the individual was pre-symptomatic, such that Out West was not aware of the presence of the virus." (*Id*., ¶ 87).

- the allegation that "[d]uring the incubation period, or 'pre-symptomatic' period, infected persons can be contagious, and disease transmission can occur before the infected person shows any symptoms or has any reason to believe he or she has become infected," with a citation to the WHO website. (*Id*., ¶ 87).

-8-

- the allegation that "COVID-19 can be onsite at an insured location even if the infected person is not showing symptoms of infection." (*Ibid*.)
- the allegation that "Disney theme park . . . reportedly continues to find employees testing positive for COVID-19" followed by a citation to a web site called "ScreenRant" (*id*., ¶ 115(a)) and similar allegations in paragraphs 115(a)-(g) with numerous citations.

Under FRCP Rule 8(b), Affiliated FM is required to respond to every single one of Plaintiffs' allegations, which presumably includes the myriad third-party internet stories that have nothing to do with the claims and are likely outdated (or updated). Under the circumstances, the Rule would also force Affiliated FM to respond to allegations that vary from the "beloved" and "famous" nature of Outback Steakhouse's Bloomin' Onion®" and the "warm welcoming environment" of Outback Steakhouse's restaurants, to Plaintiffs' interpretation of CDC's interpretation of studies on SARS-CoV-2, to a coverage analysis of claimed differences between ISO forms and Affiliated FM's Policy, to fact checking articles regarding whether Disney employees have tested positive for COVID-19 or whether, and when, the US government was airlifting Americans from China, to whether certain coronavirus patients were released from hospitals "in good condition." Requiring Affiliated FM to spend hours reviewing all of that irrelevant information – including fact checking third party websites to respond to allegations that add no material value to the complaint under Rule 8's short and plain statement requirements – is patently unfair and unduly burdensome.  Equally burdensome and prejudicial would be the amount of time and money required for Affiliated FM to conduct discovery as to why Plaintiffs believe these far-flung allegations are material to their insurance claims.

It is also unfair to require Affiliated FM to respond to redundant allegations and legal arguments simply because Plaintiffs have chosen to

1  ignore the requirements of Rule 8(a). For example, the complaint has many

2  immaterial, impertinent, *and* redundant allegations. See, e.g. ¶¶ 46, 55, 129, 147,

3  163(2), 169 (regarding exclusions), ¶¶ 3, 57, 70-79, 81, 86-91, 94 (regarding

4  COVID-19).  The complaint also contains multiple paragraphs of improper legal

5  arguments, which are also immaterial, impertinent, *and* redundant. See ¶¶ 3, 59 to

6  66 (legal arguments about property damage), ¶ 64 (apparently quoting regulatory

7  filings), ¶¶ 67-69 (legal arguments about loss), ¶¶ 46-47, 55, 129-139, 142, 147

8  (legal arguments about policy exclusions); ¶ 155 (apparently spending an entire

9  page quoting from Ins. Code, 790.03(h); ¶ 156 (apparently quoting regulations); ¶¶

10  157-158 (apparently attaching but also quoting from a California Insurance

11  Commissioner notice), among many others. The complaint also repeats various

12  hearsay statements. See, e.g. ¶¶ 71-74 and ¶¶ 76-79 (discussing various hearsay

13  statements by various persons or entities).

14       The complaint in its current form thus indisputably violates the federal

15  pleading requirements. *Todd v. Ellis*, 2013 WL 3242229, at *2 (E.D. Cal. June 25,

16  2013) ("A complaint must not contain lengthy preambles, introductions, argument,

17  speeches, explanations, stories, griping, evidence, attempts to negate possible

18  defenses, summaries, and the like") (citing *McHenry, supra,* 84 F.3d at 1176–78).

19       In sum, the complaint is "written more as a press release, prolix in evidentiary

20  detail, yet without simplicity, conciseness and clarity as to whom plaintiff [is] suing

21  for what wrongs, [and] fails to perform the essential functions of a complaint."

22  *McHenry*, *supra*, 84 F.3d at 1180. The complaint should therefore be dismissed.

23       **b.       In the Alternative, the Court Should Strike the Complaint.**

24       "The court may strike from a pleading ... any redundant, immaterial,

25  impertinent, or scandalous matter." FRCP 12(f). For the reasons enumerated in the

26  previous section, the allegations and footnotes identified above should be stricken.

27  ///

28  ///

MOTION TO DISMISS                                                3:20-cv-06786-TXH

1    **c.      As a Further Alternative, the Court Should Order Plaintiff to**
2  **Submit a More Definite Statement.**

3        FRCP Rule 12(e) provides that a party "may move for a more definite
4  statement of a pleading to which a responsive pleading is allowed but which is so
5  vague or ambiguous that the party cannot reasonably prepare a response. The
6  motion . . . must point out the defects complained of and the details desired. If the
7  court orders a more definite statement and the order is not obeyed within 14 days
8  after notice of the order or within the time the court sets, the court may strike the
9  pleading or issue any other appropriate order."

10       "The court [and defendants] should be able to read and understand plaintiff's
11  pleading within minutes." *Todd, supra*, 2013 WL 3242229, at *2 (citing *McHenry*,
12  *supra*, 84 F.3d at 1177). That is not possible here.

13       For example, Plaintiffs' materially *factual* allegations – which are relatively
14  few and sprinkled throughout the complaint – are difficult to follow and vague. If
15  the Court declines to dismiss or to strike the complaint, Affiliated FM respectfully
16  request the Court to require Plaintiffs to submit a more definite statement of their
17  pleading regarding the specific bases *of each Plaintiff's* claims, including which
18  Plaintiffs are making which claims.

19       Affiliated FM also specifically requests that any such order be made with
20  strict guidelines regarding length and substance (for example, limiting the number of
21  pages as attachments and prohibiting or limiting citation to outside "evidence"). See,
22  e.g., *Todd*, *supra*, 2013 WL 3242229, at *2 (requiring that amended complaint "be
23  limited to 20 pages total (including any exhibits or attachments)")
24  ///
25  ///
26  ///
27  ///
28  ///

-11-

MOTION TO DISMISS                                                3:20-cv-06786-TXH

1

## V.   THE PARTIES HAVE MET AND CONFERRED

2        Counsel for the parties met and conferred on the issues presented via Zoom

3   on October 13, 2020 and in subsequent emails, but were unable to resolve their

4   differences.

5   ## VI.   CONCLUSION

6        For the foregoing reasons, Affiliated FM respectfully request that the Court

7   dismiss the complaint under FRCP 41, or alternatively, to strike the complaint under

8   FRCP 12(f).  As a further alternative, Affiliated FM respectfully requests that

9   Plaintiff be ordered to submit a more definite statement pursuant to FRCP 12(e).

10

11   DATED:  October 16, 2020             JONES TURNER, LLP

12            By    /s/ Steven D. Turner

13                Steven D. Turner

14                Mariyetta A. Meyers-Lopez

15                Attorneys for Defendant
             AFFILIATED FM INSURANCE

16                COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS                                    3:20-cv-06786-TXH