1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   OUT WEST RESTAURANT GROUP INC.,          Case No.  20-cv-06786-TSH
    et al.,
8
               Plaintiffs,                    **ORDER RE: MOTION TO DISMISS**
9
          v.                                  Re: Dkt. No. 13
10
    AFFILIATED FM INSURANCE
11  COMPANY,

12             Defendant.

13

14

## I.    INTRODUCTION

15          Plaintiffs brought this action claiming that Defendant refused to pay their claims for

16  coverage under an insurance policy after they sustained covered monetary loses due to the

17  COVID-19 pandemic.  Pending before the Court is Defendant's Motion to Dismiss and Motion to

18  Strike pursuant to Federal Rules of Civil Procedure 41 and 12(f).  ECF No. 13.  Plaintiffs filed an

19  Opposition, ECF No. 14, and Defendant filed a Reply, ECF No 15.  Having considered the parties'

20  positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's

21  motion for the following reasons and dismisses with leave to amend.

## II.    BACKGROUND

23          Plaintiff Out West Restaurant Group, Inc. is a restaurant management company.  Compl. ¶

24  9, ECF No. 1.  It is the exclusive franchisee of Outback Steakhouse restaurants in Arizona,

25  Colorado, Nevada, and New Mexico and the predominate franchisee in California.  *Id.*  Plaintiff

26  Cerca Trova Steakhouse is an entity that holds leases for all California restaurants and Plaintiff

27  Cerca Trova Southwest Restaurant Group is an entity that holds all of the leases for the non-

28  California restaurants.  *Id.* ¶¶ 10-11.  Plaintiff Cerca Trova Restaurant Group, Inc. ("Cerca Trova")

*United States District Court*
*Northern District of California*

1    is the "ultimate parent of the Out West entities." *Id.* ¶ 12.  Defendant Affiliated FM ("Affiliated)

2    is an insurance company.

3              Cerca Trova purchased an insurance policy (the "Policy") from Affiliated which insures

4    Cerca Trova along with its subsidiaries, the other Plaintiffs (collectively, "Out West"). *Id.* ¶¶ 27,

5    33-34.  The Policy had an effective date of February 15 through December 1, 2020 and covers Out

6    West for "all risks of physical loss or damage" except as excluded by the Policy. *Id.* ¶¶ 28, 31.

7    The COVID-19 pandemic and presence of the virus in the air makes restaurant properties with

8    outdoor or indoor dining spaces unusable and unfit for normal occupancy. *Id.* ¶ 90.  Also, the

9    presence of the virus at Out West's locations, including on surfaces, causes physical alteration of

10   the integrity of the property and causes physical loss. *Id.* ¶ 89.  According to Out West, these

11   conditions constitute "loss" and "damage" under the Policy. *Id.* ¶¶ 80-81.  The Policy provides

12   additional coverage including communicable disease and business interruption coverage which

13   was triggered due to COVID-19 and its effects. *See id.* ¶¶ 110-28.

14             Out West alleges that Affiliated failed to properly investigate and unlawfully refused to

15   pay its claim for coverage under the Policy. *Id.* ¶ 1.  It alleges that Affiliated's failure to diligently

16   pursue a thorough, fair, and objective investigation of Out West's claim and its improper denial of

17   coverage constitute a breach of good faith and fair dealing. *Id.* ¶ 140.  It brings causes of action

18   for declaratory judgment, breach of contract, and breach of implied covenant of good faith and fair

19   dealing. *Id.* ¶¶ 160-194.

20                            **III.   LEGAL STANDARDS**

21             Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short

22   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

23   8(a)(2).  Additionally, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P.

24   8(d)(1).  "Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and

25   brevity by the federal pleading rules."  5 Wright & Miller, Federal Practice and Procedure, s 1217.

26   A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule

27   41(b).  Fed. R. Civ. P. 41(b).  However, before considering dismissal with prejudice, a district

28   court can and should consider less drastic alternatives, including dismissal with leave to amend.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (citation omitted).  At the same time,

2    "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

3    complaint is wholly without merit."  *Id.* at 1179.  The rule "requiring each averment of a pleading

4    to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for

5    dismissal independent of Rule 12(b)(6)."  *Id.* (citations omitted).

6          Also, pursuant to Rule 12(d) a party "may move for a more definite statement of a pleading

7    to which a responsive pleading is allowed but which is so vague or ambiguous that the party

8    cannot reasonably prepare a response."  Fed. R. Civ. P. 12(d).  And pursuant to Rule 12(f) a court

9    "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

10   scandalous matter."  Fed. R. Civ. P. 12(f).

11         Lastly, if a plaintiff fails to comply with the Federal Rules of Civil Procedure, a defendant

12   may move pursuant to Rule 41(b) "to dismiss the action or any claim against it."  Fed. R. Civ. P.

13   41(b); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 n. 4 (9th Cir. 2019) ("Rule

14   41(b) [] permits dismissal when a plaintiff fails to prosecute its case or comply with the Federal

15   Rules of Civil Procedure.").

16                              **IV.   DISCUSSION**

17         Affiliated argues that Out West's Complaint violates Rule 8 because, in Affiliated's

18   telling, it is needlessly long and "impermissibly contains numerous examples of immaterial,

19   impertinent, and redundant matters, repetitive allegations," improper legal arguments and

20   "needless citations to 'evidence'. . . ."  MTD at 6.  Affiliated argues that requiring it to respond to

21   the Complaint would be unfairly burdensome and would require it to expend a "prejudicial"

22   amount of time and money to respond to the Complaint.  It asks the Court to dismiss with leave to

23   amend, or alternatively, to strike a number of allegations.

24         The Complaint complies with Rule 8, however.  Affiliated complains about the number of

25   paragraphs and plenitude of pages, but "verbosity or length is not by itself a basis for dismissing a

26   complaint based on Rule 8(a)."  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th

27   Cir. 2008); *id.* ("[*Agnew v. Moody*, 330 F.2d 868, 870-71 (9th Cir. 1964)] has never been cited by

28   this court as standing for the proposition that a complaint may be found to be in violation of Rule

8(a) solely based on excessive length, nor does any other Ninth Circuit case contain such a holding.").  There has to be something more, or rather, something less—dismissal is appropriate where the complaint fails to coherently give fair notice of which claims are being asserted against which defendants and the grounds upon which they rest.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.") (citation and internal quotation marks omitted); *Wynder v. McMahon*, 360 F.3d 73, 80 (2nd Cir. 2004) ("Dismissal pursuant to [Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."); *Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003) ("Some complaints are windy but understandable.  Surplusage can and should be ignored.").  Here, that's not the case.  The Complaint is not "'replete with redundancy [nor] largely irrelevant,'" nor is it confusing and conclusory. *Id.* (citations and internal quotation marks omitted).  It perhaps contains a few flourishes of dispensable detail, but it concerns and alleges a fairly complicated insurance dispute in its pages, and overall is "intelligible and clearly delineate[s] the claims" Out West is making. *Id.*  True there are several pages of exhibits, but those predominantly consist of the Policy and related documents, which are clearly relevant as foundational to the Complaint.

Turning to some of Affiliated's specific objections, it homes in on Out West's several allegations about COVID-19, including the allegations about when the virus arrived in the U.S., studies on the transmission of the virus and the presence of the virus in the air, infection rates, and whether people can be infected even while pre- or a-symptomatic.  *See* MTD at 6-9 (citing, *inter alia*, Compl. ¶¶ 40, 71, 73-74, 76, 79-80).  But those allegations, along with assertions about how long the virus "can remain on various objects and surfaces," Compl. ¶ 77, are relevant because— as Out West's headings indicate—they relate to whether Affiliated had knowledge of the virus when it issued the Policy, whether the virus constitutes a "communicable disease" under the Policy, and Out West's theory as to how COVID-19 causes physical loss and/or damage to property that is covered by the Policy.  If anything, Out West puts Affiliated on enhanced notice

by making clear what legal theories it is alleging.

Out West's allegations describing the Outback Steakhouse restaurant chain (paragraphs 17-22) might not from top to bottom contain information that is strictly necessary (e.g., "the famous Bloomin' Onion®," Compl. ¶ 17), but those allegations do tell us what type of business Out West is running ("in-restaurant dining with in-house bars," *id.* ¶ 21) and thus give us an idea of what type of impact "emergency public health orders and 'shelter-in-place' directives," *id.* ¶ 158, might have had on that business.  And a plaintiff doesn't run afoul of Rule 8 (or any other pleading rule) by saying a smidgen of nice things about its business or by crafting a complaint which tells a bit of a story.

On the whole, the Complaint does what it is supposed to do—give Affiliated fair notice of the claims asserted against it in plain enough terms that the claims can be understood without too much difficulty.  That task is made easier because the Complaint is well organized and contains subheadings which make it easy to understand what Out West is trying to say with each batch of allegations it makes.  Even if Affiliated has to cut through a brush of some relatively exhaustive allegations, the pleadings make sense and it's not impossible to arrive at the clearing where it becomes "plain" what loss Out West alleges it has suffered that is covered by the Policy and why. The Complaint satisfies Rule 8.

For those same reasons, the Court will not exercise its discretion under Rule 12 to order a more definite statement or strike any of the above-the-line allegations from the Complaint.  *See Hearns*, 530 F.3d at 1132 ("[A] district court [] has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail.  One option [is] to simply strike the surplusage from the [complaint].") (citations omitted).

However, Rule 10(b) of the Federal Rules directs that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10 (emphasis added), and Out West's extensive use of footnotes does not comport with that requirement.  Moreover, "evidence pleading, as distinguished from the pleading of ultimate facts, is not favored under the Federal Rules."  *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1169 (5th Cir. 1979) (citations omitted).  Accordingly, the Court will

United States District Court
Northern District of California

5

dismiss with leave to amend for Out West to remove the footnotes from the Complaint.  Fed. R. Civ. P. 41(b).

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion and **DISMISSES** the Complaint with leave to amend.  Plaintiffs shall file an amended complaint within 30 days.

**IT IS SO ORDERED.**

Dated: December 4, 2020

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

6